UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA HYMAN, Personal
Representative of the Estate of Deandre
Christopher Lipford, Deceased,

   Plaintiff,

Case No. 19-11821

v.

Hon. George Caram Steeh

OFFICER CLYDE LEWIS,
SUPERVISOR BERNARD COX,
SUPERVISOR ROCHELLE PHIPPS,
DEPUTY WARDEN TERRY TELLEZ,
WARDEN KENNETH ROMANOWSKI,
HEIDI E. WASHINGTON, JOHN DOE &
HARVEY ROE, CITY OF DETROIT,
DETROIT POLICE DEPARTMENT,
STATE OF MICHIGAN, and MICHIGAN
DEPARTMENT OF CORRECTIONS,

   Defendants.
_____/

OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS (ECF NO. 11)

Defendants Clyde Lewis, Bernard Cox, Rochelle Phipps, Terry Tellez, Kenneth Romanowski, Heidi Washington, the Michigan Department of Corrections, and the State of Michigan ("MDOC Defendants") seek dismissal of Plaintiff's claims against them. The court heard oral argument

-1-

on November 12, 2019, and took the matter under advisement. For the reasons explained below, Defendants' motion is granted.

## BACKGROUND FACTS

On November 1, 2016, Deandre Christopher Lipford was arrested in the City of Detroit. He was taken to the Detroit Detention Center, which is operated pursuant to an interagency agreement between the City of Detroit Police Department and the Michigan Department of Corrections. Lipford was placed in the video arraignment room at 9:48 p.m. According to the video recording, Lipford appeared to lose consciousness and fell to the floor at about 11:02 p.m. He remained there for almost four hours, until facility employee Leon Smith entered the video arraignment room at 2:50 a.m. and found Lipford unresponsive. Resuscitation measures were begun by facility personnel. Lipford was taken to the hospital by EMS, but resuscitation efforts were unsuccessful and he was pronounced dead at 3:50 a.m. on November 2, 2016. According to reports, suspected narcotics were found between Lipford's buttocks. The Wayne County Medical Examiner ruled the death accidental due to a narcotics overdose.

Plaintiff Veronica Hyman, the personal representative of Lipford's estate, filed this action against several defendants: Officer Clyde Lewis,

Supervisor Bernard Cox, Supervisor Rochelle Phipps, Deputy Warden Terry Tellez, Warden Kenneth Romanowski, MDOC Director Heidi Washington, John Doe, Harvey Roe, City of Detroit, Detroit Police Department, State of Michigan, and the Michigan Department of Corrections. Plaintiff asserts claims of negligence/gross negligence and violations of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983. The MDOC Defendants seek dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LAW AND ANALYSIS

I. Standard of Review

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. *See also Hensley Manuf. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

II. Individual Capacity Claims

Plaintiffs complaint names several supervisory officials as defendants, in their individual and official capacities: Kenneth Romanowski is the warden of the Detroit Detention Center (DDC); Terry Tellez is the Deputy Warden of the DDC; Bernard Cox and Rochelle Phipps are identified as supervisors at DDC; and Heidi Washington is the Director of the Michigan Department of Corrections. In Count III of the complaint, Plaintiff alleges that these defendants "owed to detainee Lipford the duty to train administrative and supervisor personnel" and that they breached this duty by "failing to train and to enforce the administrative regulation to physically inspect detainees to determine that they are living and breathing." ECF 1 at ¶¶ 44-45. The complaint further alleges that this failure to train and enforce the regulation constitutes a denial of his Fourteenth Amendment rights, negligence, and gross negligence. *Id.* at ¶¶ 46-47.

The complaint contains no other factual allegations regarding Romanowski, Tellez, Cox, Phipps, or Washington.[1]  Plaintiff's conclusory allegations fail to state a claim under 42 U.S.C. § 1983.  A supervisor may not be held liable in his individual capacity under § 1983 based upon a theory of respondeat superior, "or the right to control employees."  *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008).  Rather, the plaintiff must allege that the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  *Id.* (citation omitted).  Here, Plaintiff does not allege any facts indicating that Romanowski, Tellez, Cox, Phipps, or Washington directly participated or knowingly acquiesced in the conduct that resulted in Lipford's injury.  *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution.") (emphasis added).

Plaintiff argues that her "failure to train" theory is not based upon vicarious liability but on the individual defendants' failure to perform their

---

[1] Defendants do not seek dismissal of Plaintiff's individual capacity claims against Officer Lewis.

duties. Nonetheless, "[w]hile an individual supervisor may still be held liable in his or her individual capacity under a failure-to-train theory, the [plaintiff] must point to *a specific action of each individual supervisor* to defeat a qualified immunity claim." *Phillips*, 534 F.3d at 544 (emphasis added). Plaintiff has failed to meet this standard.

Plaintiff further suggests that the claims against the individual defendants should survive because "whether these Defendants were or were not involved in some capacity are subjects of discovery." Pl.'s Resp. at 9. However, although "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Adherence to the pleading requirements set forth in *Twombley* and *Iqbal* is "especially important in suits where Government-official defendants are entitled to assert a defense of qualified immunity. The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigations, including 'avoidance of disruptive discovery.'" *Id.* at 685.

The complaint fails to state a claim under § 1983; further, because Plaintiff has not articulated a constitutional violation by the individual defendants, they are entitled to qualified immunity. *See Pearson v.*

*Callahan*, 555 U.S. 223, 231 (2009) (qualified immunity provides immunity from suit for government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known").

To the extent Plaintiff attempts to state a claim of negligence, her allegations are similarly deficient.[2] Governmental employees in Michigan are immune from tort liability for injuries caused by them while acting within the scope of their employment, unless their conduct amounts to "gross negligence that is the proximate cause of the injury or damage." *See* M.C.L. § 691.1407(2). The statute defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether injury results." *Id.* at § 691.1407(7)(a). For purposes of the governmental immunity statute, "proximate cause" is "the one most immediate, efficient, and direct cause preceding an injury." *Robinson v. City of Detroit*, 462 Mich. 439, 458-59 (2000).

Plaintiff does not allege facts showing that Romanowski, Tellez, Cox, Phipps, or Washington were grossly negligent or that their conduct was the

---

[2] Plaintiff alleges in her complaint that Defendants' conduct amounted to "negligence and gross negligence as a matter of fact and law." ECF No. 1 at ¶ 46. Although allegations of gross negligence are required to overcome governmental immunity, "gross negligence" is not an independent cause of action under Michigan law. *See Stein v. Corizon Health, Inc.*, 2018 WL 1425954 at *1 (E.D. Mich. Mar. 22, 2018) (citing *Cummins v. Robinson Twp.*, 770 N.W.2d 421, 433 (Mich. App. 2009)).

proximate cause of Lipford's injury.[3] Plaintiff's complaint merely recites conclusory allegations, which are insufficient under *Twombley* and *Iqbal*. The court will dismiss Plaintiff's individual capacity claims against Defendants Cox, Phipps, Tellez, Romanowski, and Washington.

Plaintiff requests the opportunity to amend her complaint after conducting discovery. The court's dismissal of the individual capacity claims against the MDOC Defendants is without prejudice to Plaintiff's ability to seek leave to amend the complaint, consistent with Federal Rule of Civil Procedure 15.

III. Official Capacity Claims

Plaintiff also asserts claims against the MDOC, the State of Michigan, and the individual defendants in their official capacities. Defendants contend they are entitled to sovereign immunity. The Eleventh Amendment bars suits against states or their departments and agencies in federal court. *See, e.g., McCormick v. Miami Univ.*, 693 F.3d 654, 661-62 (6th Cir. 2012). This includes suits for damages against individuals in their official capacities, which are "no different from a suit against the State itself."[4] *Will*

---

[3] Additionally, as Director of the MDOC, Washington is absolutely immune from suit when acting within the scope of her executive authority. See M.C.L.A. 691.1407(5); *Harrison v. Dir. of Dept. of Corr.*, 194 Mich. App. 446 (1992).
[4] Plaintiff correctly points out that the Eleventh Amendment does not bar claims against state officials for prospective injunctive relief. *McCormick*, 693 F.3d at 662. Plaintiff does not, however, seek injunctive relief in her complaint.

-8-

*v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989). An action against the State of Michigan and the MDOC is barred unless the state has consented to the filing of such a suit, or Congress has exercised its power to override Eleventh Amendment immunity. *See id.* at 66; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). In enacting § 1983, Congress did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Nor has the State of Michigan evidenced its intent to consent to suits brought pursuant to § 1983. *Abick v. State of Michigan*, 803 F.2d 874, 876-77 (6th Cir. 1986). "Consent must be in the form of an 'unequivocal indication,' and only where stated 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'" *Id.* (citations omitted).

Plaintiff argues that the state waived its immunity by entering into an interagency agreement with the City of Detroit regarding the Detroit Detention Center. Plaintiff points to paragraph 46 of the agreement, which provides, under the heading "Liability Insurance": "Limitation of Liability – Each party is responsible for the acts or omissions of their respective employees." Pl.'s Resp. at Ex. 1. This contractual language – which says nothing about litigation, claims, or immunity – falls far short of being an "unequivocal indication" that the State of Michigan intended to waive its

sovereign immunity. Accordingly, the court finds that the State of Michigan, MDOC, and the individuals sued in their official capacity (Lewis, Cox, Phipps, Tellez, Romanowski, and Washington) are entitled to sovereign immunity.

## CONCLUSION

IT IS HEREBY ORDERED that the MDOC Defendants' motion to dismiss (ECF No. 11) is GRANTED, consistent with this opinion and order.

Dated: November 14, 2019

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 14, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---