UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VERONICA HYMAN, Personal
Representative of the Estate of Deandre
Christopher Lipford, Deceased,

    Plaintiff,

v.

    Case No. 19-11821

    Hon. George Caram Steeh

OFFICER CLYDE LEWIS, CITY OF
DETROIT, and DETROIT POLICE
DEPARTMENT,

    Defendants.
_____/

ORDER DENYING PLAINTIFF'S MOTION
TO AMEND COMPLAINT (ECF NO. 45)

Plaintiff moves to amend her complaint to name Sergeant Bernard Cox as a defendant. Plaintiff originally named Cox as a defendant when the complaint was filed, but the court dismissed the claims against him for failure to state a claim on November 14, 2019. ECF No. 16. Plaintiff seeks to reinstate claims against Cox pursuant to 42 U.S.C. § 1983 and Michigan's Wrongful Death Act.

BACKGROUND FACTS

This case arises out of the death of Deandre Lipford while he was in custody at the Detroit Detention Center. After his arrest, he was placed in

-1-

the video arraignment room at 9:48 p.m. on November 1, 2016. As seen on the video recording, Lipford appeared to lose consciousness and fall to the floor at about 11:02 p.m. He remained there for almost four hours, until facility employee Leon Smith entered the video arraignment room at 2:50 a.m. and found Lipford unresponsive. Resuscitation measures were begun by facility personnel. Lipford was taken to the hospital by EMS, but resuscitation efforts were unsuccessful, and he was pronounced dead at 3:50 a.m. on November 2, 2016. According to reports, suspected narcotics were found between Lipford's buttocks. The Wayne County Medical Examiner ruled the death accidental due to a narcotics overdose. Plaintiff alleges that if officers had checked on Lipford as required by detention center policy, he could have been revived and would be alive today.

      Plaintiff alleges that it was Officer Clyde Lewis's responsibility to conduct rounds of the detention center on the night of Lipford's death. The detention center's operating procedures require that rounds be conducted every 30 minutes. Officers are to "physically open the cell doors and ensure that those detainees that are assigned to the cell are actually there. Floor officers will check to make sure that every detainee is living and breathing." ECF No. 45 at PageID 474. Lewis testified that he checked on detainees by walking by the video arraignment room, but did not enter it. *Id.* at PageID

482. Plaintiff alleges that after Lipford's death, Lewis was disciplined and suspended for four days without pay.

Cox, who was Lewis's supervisor, testified consistent with Lewis's view of the operating procedure – that it was acceptable to check on detainees without physically entering the video arraignment room. According to Cox, the video arraignment room is visible through glass. *Id.* at PageID 494. He testified that officers were to walk by and visually check detainees to make sure they were moving or breathing, but that they did not wake detainees who appeared to be sleeping. *Id.* at 492-93.

Plaintiff argues that Cox's testimony demonstrates that he encouraged, condoned, or acquiesced in Lewis's failure to enter the video arraignment room to check on detainees, and that therefore Cox is subject to supervisor liability under § 1983. Plaintiff seeks to amend her complaint to add Cox as a defendant, alleging that Cox had a duty to train officers and to ensure that policies were carried out. Plaintiff further alleges that Cox "was aware that Officer Clyde Lewis had not been and was not entering the video arraignment room to check on apparently unconscious detainees to determine whether they were 'living and breathing,'" in violation of detention center operating procedures. ECF No. 45 at PageID 508-509.

LAW AND ANALYSIS

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides that "[t]he court should freely give leave when justice so requires." *Id.* "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).

Cox opposes Plaintiff's motion on futility grounds. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). In reviewing Plaintiff's proposed amendment, the court accepts as true all non-conclusory allegations and determines whether they state a plausible claim for relief. *Id.*

Plaintiff seeks to add a cause of action against Cox pursuant to 42 U.S.C. § 1983, alleging that he violated Lipford's right to medical care under the Eighth and Fourteenth Amendments. A detainee's constitutional rights are violated when prison officials are deliberately indifferent to his serious medical needs. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).

"Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). A supervisor, like Cox, may not be held liable in his individual capacity under § 1983 based upon a theory of respondeat superior, "or the right to control employees." *Phillips v. Roane Cty., Tenn.*, 534 F.3d 531, 543 (6th Cir. 2008). Rather, the plaintiff must allege that the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (citation omitted). As the Sixth Circuit recently explained,

> [A] supervisor may be liable under § 1983 if he "abandon[s] the specific duties of his position . . . in the face of actual knowledge of a breakdown in the proper workings of the department." This liability, however, exists only where some "execution of the supervisors' job function result[s] in [the p]laintiff's injury." In other words, the supervisor must have abdicated his specific job responsibility, with the

> "active performance of the [supervisor's] individual job function . . . directly result[ing] in the[ ] constitutional injury."

*Winkler v. Madison Cty.*, 893 F.3d 877, 899 (6th Cir. 2018) (citations omitted).

The allegations in the proposed amended complaint, which are not significantly different from those in the original complaint, do not state a claim for supervisor liability under § 1983. Plaintiff alleges that Cox knew that Lewis was not entering the video arraignment room to check whether detainees were "living and breathing" and failed to require him to do so. ECF No. 45 at PageID 508-509. At most, Plaintiff alleges that Cox failed to act, which is not the type of "direct participation" or "active acquiescence in . . . known misconduct" necessary for a supervisory liability claim. *Winkler*, 893 F.3d at 899.[1] *See also Doe ex rel. Doe v. City of Roseville*, 296 F.3d 431, 440 (6th Cir. 2002) ("[L]iability must be based on 'active unconstitutional behavior,' and . . . a mere failure to act [is not] sufficient."). Plaintiff has not alleged that Cox engaged in "active unconstitutional behavior" by, for example, improperly delegating his authority to individuals known to engage in misconduct or abdicating his duty to respond to a pattern of unconstitutional acts. *See Winkler*, 893 F.3d at 899 (citing *Taylor*

---

[1] The court notes that a failure to follow detention center policy, in itself, does not constitute deliberate indifference or a constitutional violation. *Winkler*, 893 F.3d at 891.

-6-

*v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) and *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992)); *Peatross v. City of Memphis*, 818 F.3d 233, 243 (6th Cir. 2016) (plaintiff stated claim for supervisor liability when defendant "failed to train and supervise the officers to avoid the use of excessive force, failed to investigate the allegations of excessive force properly, and attempted to cover-up the unconstitutional conduct of his subordinates by exonerating the officers in an effort to escape liability" in wake of numerous officer shootings). Cox's alleged knowledge that Lewis was not entering the video arraignment room to check on detainees, without more, does not meet this standard.

Plaintiff's generalized allegations of Cox's failure to train and supervise Lewis, which are devoid of facts demonstrating his personal involvement in the allegedly unconstitutional acts, "improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability." *Phillips*, 534 F.3d at 543; *see also Heyerman*, 680 F.3d at 647. Plaintiff has failed to allege that Cox was directly involved in the events leading to Lipford's death or engaged in active unconstitutional behavior. The testimony cited by Plaintiff, viewed in the light most favorable to her, does not alter the court's conclusion that Plaintiff cannot state a § 1983 claim against Cox.

The proposed amended complaint also seeks compensation pursuant to Michigan's Wrongful Death Act, M.C.L. 600.2922. The Wrongful Death Act does not create a substantive cause of action, but provides for damages in the event of a death caused by the "wrongful act, neglect, or fault of another." *Id. See also Wesche v. Mecosta Cty. Rd. Comm'n,* 480 Mich. 75, 88, 746 N.W.2d 847, 856 (2008) ("[T]he wrongful-death act is essentially a 'filter' through which the underlying claim may proceed."); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 598-99 (6th Cir. 2006) (applying Michigan's Wrongful Death Act to govern claim for damages under § 1983). Because Plaintiff's underlying § 1983 claim against Cox is not viable, the wrongful death claim against him likewise cannot survive.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to file an amended complaint (ECF No. 45) to add Bernard Cox as a defendant is DENIED.

Dated: March 2, 2021

s/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 2, 2021, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---